STATE, RESPONDENT, *v.* THOMPSON, APPELLANT.

CONSTITUTIONAL LAW—TRIAL BY EIGHT JURORS—DUE PROCESS OF LAW.

The trial of defendant by eight jurors for the crime of larceny, committed before the admission of Utah into statehood, is not a contravention of the rights guarantied by section 10 of article 1 of the constitution of the United States, and is due process of law within the meaning of that constitution. *State* v. *Bates*, 14 Utah 293, affirmed.

(No. 839. Decided Sept. 29, 1897.)

Appeal from the Seventh district court, Emery county. Jacob Johnson, *Judge.*

Lars Thompson was convicted of larceny, and appeals. *Affirmed.*

*J. W. N. Whitecotton,* for appellant.

*A. C. Bishop, Atty. Gen.,* and *Benner X. Smith,* for the State.

MINER, J.:

The appellant, Thompson, was indicted for the crime of larceny in May, 1895. He was tried in Emery county in May, 1897, before a jury consisting of eight persons duly chosen and qualified; found guilty; and sentenced to imprisonment in the penitentiary. When called upon for sentence, his counsel moved to vacate and set aside the verdict, on the ground that the defendant had been tried before eight jurors, when the law in force at the time of the alleged commission of the offense provided that the defendant should be tried by twelve jurors; that the alleged conviction was in violation of the provisions of the constitution of the United States guarantying due process of law; and that the constitution and laws of Utah providing for trials in criminal cases, not capital, by a jury of eight persons, were, as to the offense committed prior to the admission of the state into the Union as a state, in violation of section 10 of article 1 of the constitution of the United States. The motion was overruled, and the defendant appealed to this court.

The questions involved in this appeal were fully passed upon by the court in the case of *State* v. *Bates*, 14 Utah 293. That case is decisive of this. We find no error in the record. The judgment of the district court is affirmed.

ZANE, C. J., and BARTCH, J., concur.