## JACK PENROD v. STATE.

No. A-6950. Opinion Filed September 28, 1929.
(281 Pac. 160.)

Lewis Hunter, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was charged, by information, with the crime of conveying intoxicating liquors from one place

in the state to another, and on the 23d day of December, 1927, appeared in open court and entered his plea of "guilty."

The court entered an order directing the defendant to appear for sentence December 31, 1927. At 9 o'clock a. m. on January 2, 1928, an order of the court was entered, continuing defendant's case for sentence until the 28th day of January, 1928. On the 23d of January, 1928, there was filed in the office of the court clerk a motion to change the plea of "guilty" to "not guilty" and suppress the evidence, which motion was by the court considered, heard, and overruled, and defendant excepted. The court sentenced the defendant to serve a term of 60 days in the county jail and to pay a fine of $100 and the cost of prosecution. From the judgment and sentence, the defendant has appealed to this court.

The defendant urges:

First. That the court erred in failing to suppress the evidence, by reason of a John Doe search warrant which will be found on page 17 of the transcript of this record.

Second. That the court erred in overruling the motion of the defendant to change his plea of "guilty" to a plea of "not guilty" in the January term of the court.

Third. That the court erred in passing for sentence and judgment the case from the December term until the January term.

No brief is filed in support of the defendant's contention, and no reason given why a brief has not been filed.

The record shows the defendant was given additional time to file a brief, and that time has expired.

382

It is urged by the defendant that the court should have permitted him to withdraw his plea of "guilty" and enter his plea of "not guilty" at the January term, 1928, and that the court erred in overruling his application for permission to change his plea.

After a plea of "guilty" has been entered and the case continued to another term for sentence and judgment, the question of whether or not the defendant should be permitted to change his plea is within the sound discretion of the trial court, and, unless that discretion is abused, this court will not interfere with the sentence and judgment.

The plaintiff in error has filed no brief in support of his contentions. After a careful examination of the record, we hold that there was no jurisdictional or fundamental error committed by the court.

The case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.