(No. 12847.—Relator remanded.)

THE PEOPLE *ex rel.* Max Fensky, Petitioner, *vs.* GEORGE F. LEINECKE, Sheriff, Respondent.

*Opinion filed December 17, 1919.*

1. CRIMINAL LAW—*court has no authority to suspend sentence indefinitely.* It is the duty of the trial court to pronounce judgment at the term at which the conviction is had unless for some cause the case is continued, and if sentence is indefinitely suspended the court loses jurisdiction and the judgment subsequently entered is void.

2. SAME—*when court does not lose jurisdiction to collect fine by imprisonment.* An order of imprisonment to collect fines and costs is merely an incident to a valid judgment therefor, and a court does not lose jurisdiction to collect a fine by imprisonment where the *mittimus* is issued at the same term at which the conviction took place and is served within a reasonable time. (*People* v. *Shattuck,* 274 Ill. 491, distinguished.)

3. SAME—*court retains jurisdiction over judgment during term at which it is rendered.* A court retains jurisdiction over a judgment during the term at which it is rendered and may for proper cause vacate the judgment during the term, but in a criminal case the judgment can be vacated or changed in material matters only while it remains unexecuted and not after the prisoner has begun serving his sentence.

4. SAME—*when the record of a judgment of conviction may be amended after the term.* An amendment which does not change the judgment but merely amplifies its language by making a separate recital as to each count on which the defendant was convicted may be made by an order entered *nunc pro tunc* after the term at which the judgment was rendered and after the prisoner has begun serving his sentence, provided there is sufficient basis in official or *quasi* official records to authorize the amendment.

5. SAME—*what memoranda are required to amend record after term has expired.* There must be some note or memorandum or memorial paper remaining in the files or upon the records of the court on which to base an amendment of the record after the term at which the judgment was rendered, and the amendment cannot rest in the recollection of the judge or other persons or be based upon *ex parte* affidavits or testimony after the event has transpired.

6. SAME—*recital in record must be taken as true in absence of bill of exceptions.* In the absence of a bill of exceptions showing

what was before the court, a recital in the record must be taken as true that there were sufficient memoranda of the court and the clerk in the files and records of the cause to amend the judgment after the term at which it was rendered.

7. SAME—*fact that information is not properly verified does not affect jurisdiction of court.* In a prosecution in the county court for the unlawful selling of intoxicating liquor, the fact that the information is verified by the State's attorney on information and belief does not affect the jurisdiction of the court.

8. SAME—*right to have information properly verified may be waived.* While a prosecution upon an information verified by the State's attorney on information and belief is an invasion of a constitutional right, the right to have the information properly verified is one which may be waived by failure to insist upon the right by a writ of error.

ORIGINAL petition for *habeas corpus.*

ERBSTEIN & SELLECK, for petitioner.

CHARLES W. HADLEY, for respondent.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A writ of *habeas corpus* was awarded on petition of Max Fensky, who prayed to be relieved from imprisonment by George F. Leinecke, sheriff of DuPage county, on the grounds that the county court of that county in which he was convicted for selling intoxicating liquor without a license lost jurisdiction over him by delay in the execution of the sentence; that the judgment and process were amended after his imprisonment began, and that the information upon which he was convicted was verified by the State's attorney on information and belief. The cause was submitted for decision upon the petition, the return of the respondent and the record.

The relator, Max Fensky, was found guilty in the county court of DuPage county, as charged in an information containing twelve counts, for selling intoxicating liquor in less

290—36

quantities than one gallon without having a legal license. This was at the June term, 1918, of the court, and on September 23, 1918, a day of that term, he was sentenced to pay a fine of $100 and costs on each of the first five counts and as to the remaining seven counts judgment was reserved to a future date. On November 27, 1918, being still of the June term, a *mittimus* was issued directing the respondent forthwith to take the body of the relator and him safely keep until he should pay a fine of $500 and costs. Upon receipt of the writ the respondent made efforts to serve the same, and continued such efforts without success until February 28, 1919, when he took the relator into custody under the writ. The *mittimus* did not accord with the judgment but recited a judgment for a fine of $500 and costs, and commanded the respondent to keep the relator until he paid the said sum of $500 and $146.65 costs. At the January term, 1919, on March 14, after the arrest of the relator, the judgment as entered by the clerk was amended, so that instead of reading that the relator was adjudged to pay a fine of $100 on each of the first five counts of the information, and costs, the judgment was expanded so as to make a separate recital as to each of the first five counts, but the judgment was not changed or altered, in legal effect, in any way. An amended *mittimus* was issued in accordance with the judgment as amended, and the respondent claimed to hold the relator in custody by virtue of the amended *mittimus*.

The effective administration of the criminal law requires that one who pleads guilty or is convicted of a violation of the law shall be promptly and certainly punished, and no court has authority to suspend sentence indefinitely in such a case. It is the duty of the court to pronounce judgment at the term at which the conviction is had, unless upon a motion for a new trial, in arrest of judgment or for other cause the case is continued for further adjudication, and the defendant, by recognizance or being held in

custody, is still required to answer the charge. If sentence is indefinitely suspended the court loses jurisdiction and a judgment subsequently entered is void. (*People* v. *Allen,* 155 Ill. 61; *People* v. *Barrett,* 202 id. 287.) The court, by reserving judgment for an indefinite period as to the seven counts, lost jurisdiction as to them, but the *mittimus* was issued upon the judgment properly entered as to the first five counts and the court did not lose jurisdiction by any postponement of sentence.

As a general rule a court retains jurisdiction over a judgment during the term at which it is rendered and may for proper cause vacate the judgment during the term, but in a criminal cause it can only vacate or change the judgment while it remains unexecuted and is without jurisdiction to vacate or change the judgment after the prisoner has begun serving his sentence. (*People* v. *Turney,* 273 Ill. 546; *People* v. *Whitman,* 277 id. 408.) The relator was serving his sentence at the time of the amendment of the judgment and *mittimus,* and the amendment was after the term at which he was convicted. There was, however, no change in the judgment, and the amendment consisted merely in amplifying the language of a judgment that was not void or entered without jurisdiction. The record of such a judgment may be amended after the term at which it is made, by an order of the court entered *nunc pro tunc,* when by reason of clerical misprision it does not speak the truth, provided there is sufficient basis in official or *quasi* official records to authorize the amendment. There must be some note or memorandum or memorial paper remaining in the files or upon the records of the court on which to base the amendment, and it cannot rest in the recollection of the judge or other persons or be based upon *ex parte* affidavits or testimony after the event has transpired. (*Dougherty* v. *People,* 118 Ill. 160; *Hubbard* v. *People,* 197 id. 15.) The record in this case recites that there were sufficient memoranda of the court and the clerk in the files and

records of the cause to amend the judgment, if it could properly be termed an amendment. In the absence of a bill of exceptions showing what was before the court, the recital of the record must be taken as true and the amendment properly made. As there was no change in the judgment by the amendment, the fact that the relator had begun serving his sentence did not affect the jurisdiction of the court.

The law demands that a judgment in a criminal cause shall be carried out promptly, and even where the judgment is valid there may be circumstances under which a court will lose jurisdiction to collect a fine by imprisonment. That was the case in *People* v. *Shattuck,* 274 Ill. 491, where Shattuck, on November 16, 1909, pleaded guilty to fifteen counts charging him with selling intoxicating liquor in anti-saloon territory. Judgment was entered and he made a motion to vacate the order of imprisonment. From that time he was allowed to go at liberty for a period of over six years while no steps were taken to carry out the judgment, and it was held that a defendant in a criminal case cannot be subject to the mere caprice of a judge, which would indirectly confer upon the judge powers which he does not possess. There was no unreasonable delay in this case which could operate in any manner to the prejudice of the relator. The order of imprisonment to collect the fines and costs was merely an incident to a valid judgment for the fines and the means to enforce their collection, (*Ex parte Bollig,* 31 Ill. 88,) and the *mittimus* was issued during the same term at which the conviction took place and was not void.

The fact that the information was verified by the State's attorney on information and belief would not, in any event, affect the jurisdiction of the court. A prosecution upon such an information is an invasion of a constitutional right, (*People* v. *Clark,* 280 Ill. 160; *People* v. *Honaker,* 281 id. 295;) and a denial of the constitutional right would be

error for which the judgment would be reversed on a writ of error. It was a right which could be waived, (*People v. Powers,* 283 Ill. 438; *People* v. *Reed,* 287 id. 606;) and it was waived by the relator, who failed to insist upon his right.

The court having jurisdiction to pronounce the judgment and there being no subsequent loss of jurisdiction by any action of the court or failure to act, the relator is remanded to the custody of the respondent.

*Relator remanded.*