The People of the State of Illinois, Defendant in Error,
v. Eugene Morgenstern, Plaintiff in Error.

Gen. No. 37,527.

Opinion filed December 19, 1934.

NATHAN SCHWARTZ, of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, J. ALBERT WOLL, HENRY E. SEYFARTH and AMOS P. SCRUGGS, Assistant State's Attorneys, of counsel.

MR. JUSTICE HALL delivered the opinion of the court.

By this writ of error, defendant seeks the reversal of a judgment of the municipal court of Chicago, finding him guilty of being the keeper of a house of prostitution and assignation, and a place for the practice of fornication, prostitution and lewdness.

The grounds for reversal are that the complaint filed in the case was not signed nor verified. The record shows that on August 14, 1933, a complaint charging the crime of which defendant was found guilty was signed by one Fred Crowley, but that the affidavit attached to such complaint was not signed, although there is a certification by the clerk of the municipal court of Chicago to the effect that Crowley, the complainant, did subscribe and swear to the complaint on August 14, 1933.

The order appealed from recites that the defendant appeared in court, waived a jury, and submitted his cause to the court. This order was entered on September 12, 1933. On December 21, 1933, an order was entered committing the defendant to the county jail. On December 22, 1933, an order was entered denying defendant's motion for a new trial. On January 8, 1934, a petition was filed in support of a motion to set aside the order denying defendant a new trial and to vacate the judgment. On January 22, 1934, an amended verified petition was filed in which it is recited that the complaint filed in the cause was not verified; that such fact was not called to the attention of the judge who tried the case, and that if a motion to quash the complaint had been made, it would have been sustained, and that because defendant was unfamiliar with the rules of practice, such motion was not made at the trial. On January 22, 1934, the court entered an order denying the motion to vacate the judgment and grant a new trial. A motion in arrest of judgment was then made and overruled. On February 17, 1934, a bill of exceptions was signed by a judge of the municipal court and filed in the case, in which it is recited that on September 12, 1933, when the cause came on for trial, a motion was made to dismiss the information for the reason that it was not sworn to.

From the order entered September 12, 1933, and defendant's affidavit filed January 22, 1934, we are led to the conclusion that no motion was made to quash the information at the time of or prior to the trial, but that defendant waived such motion and proceeded to trial.

In *People v. Duyvejonck,* 337 Ill. 636, cited by defendant, on page 640, the Supreme Court said:

"A verification, or lack thereof, does not affect the jurisdiction of the court where the information charges

a crime, and while it is an invasion of his constitutional rights to try the accused on an unverified or improperly verified information, yet such an objection may be waived by the accused and is waived by him by proceeding to trial without raising the objection. (*People v. Leinecke,* 290 Ill. 560; *People v. Reed,* 287 id. 606; *People v. Powers,* 283 id. 438.)''

This case is decisive of the question raised on appeal. The judgment is affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.