People of the State of Illinois, Defendant in Error, v. Henderson McCullough, Plaintiff in Error.

Gen. No. 41,152.

Heard in the first division of this court for the first district at the April term, 1940. ▮ Opinion filed May 20, 1940. Rehearing denied June 5, 1940.

ELLIS & WESTBROOKS, of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

September 25, 1939, an information was filed charging that Henderson McCullough, defendant, September 5, 1939, maliciously assaulted Fred Tucker with a pistol.

The record discloses that September 25, 1939, the matter came on for hearing before Judge Frank M. Padden, of the municipal court of Chicago, and on that

day an order was entered which recites that Fred Tucker, in the name of the People, presented to the court an information under oath and moved the court that leave be granted to file the information; "and the presiding Judge of this Court, having examined said information, and having examined under oath the person presenting the same, and having heard the evidence thereon, and being satisfied that there is probable cause for filing the same, and said Judge, having so endorsed the same, and the Court being fully advised in the premises, it is ordered that leave be and hereby is granted to file said information instanter." Continuing, the record recites that it appearing to the court that McCullough was arrested without warrant or other writ and was now present in open court, the court took jurisdiction of the person and the bailiff was ordered forthwith to take the body of the defendant into custody to answer the charge made against him in the information; that the matter came on for hearing, The People being represented by the State's Attorney "and the defendant as well in his own proper person as by counsel also comes;" that the defendant was arraigned and entered a plea of not guilty; that defendant was advised of his right to a jury trial but he elected to waive such trial and by agreement the matter was heard before the court without a jury. The court found defendant guilty in the manner as charged in the information of "Wilful and malicious assault with a deadly weapon upon the person of another without any considerable provocation and under circumstances showing an abandoned and malignant heart with intent then and there to inflict a bodily injury," and he was sentenced to confinement at labor in the House of Correction for a period of nine months, and a fine of $25 imposed.

A little more than two months thereafter, November 27, 1939, defendant by his counsel, filed a motion to vacate the judgment and for his discharge. The

grounds of the motion are that the information "does not appear to have been acknowledged before any person authorized by law to take acknowledgments, and is void;" that the purported information "not being acknowledged" fails to comply with section 27 of the Municipal Court Act [Ill. Rev. Stat. 1939, ch. 37, § 382; Jones Ill. Stats. Ann. 108.050] and other matters were set up, not important here. On the next day, November 28, an order was entered by Chief Justice Sonsteby, of the municipal court, giving defendant leave to file the motion and the cause was transferred "to Judge Padden instanter." On the same day Judge Padden entered an order denying the motion to vacate the judgment and to discharge defendant and 60 days was given to file a bill of exceptions. The bill of exceptions or report of the trial is in the record and the only matter contained in it is the motion made by defendant to vacate the judgment above mentioned, and a copy of the information.

Defendant contends that the information is insufficient because (1) it was not sworn to before one authorized to administer oaths, and (2) that there was no endorsement on the back of it to the effect that the judge had examined the person presenting the information and was satisfied that there was probable cause for filing it and it was ordered that leave be given to file it; that while this endorsement is on the information it was not signed by the judge or anyone else.

The information is in the usual form where it is made by an individual. It recites that Fred Tucker made the complaint setting up the necessary averments. It was signed by him and at the bottom appears, "Subscribed and sworn to before me this 25th day of Sept. A. D. 1939, F. M. Padden—of The Municipal Court of Chicago."

Counsel for defendant contends there is no showing that F. M. Padden was Judge Padden of the municipal court; that there is no showing that F. M. Padden was

authorized to administer oaths, and the proper endorsement was not made on the information, as above mentioned, because it was not signed by the judge. There is no merit in either of these contentions. This court will take judicial notice that F. M. Padden is a judge of the municipal court of Chicago. *People v. Frankowski,* 371 Ill. 493. And the record discloses that the proceedings were all held before Judge PADDEN. The information was properly verified and the oath was administered by Judge PADDEN to Fred Tucker, who presented the information. But even if the information had not been verified the question of the verification is waived because defendant went to trial without objection. *People v. Duyvejonck,* 337 Ill. 636; *People v. Morgenstern,* 278 Ill. App. 100.

In *People v. Frankowski,* where an information was filed before the county judge, the court said: "There is no merit in the contention that the county court was without jurisdiction to try defendant because the information was not properly endorsed by the county judge of Cook county. The information was endorsed 'E. K. Jarecki, Judge of the County Court of Cook County.' The county judge was elected and commissioned as 'Edmund K. Jarecki.' Section 9 of division 11 of the Illinois Criminal Code (Ill. Rev. Stat. 1937, chap. 38, par. 719) provides that all exceptions to the form of an information shall be made before trial, and no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged in the information. No exception to the endorsement was taken before trial, and the objection, not having been raised either in the trial court or Appellate Court, now comes too late."

In passing on the question of the verification of an information, where no motion to quash was made, the Supreme Court in the *Duyvejonck* case (337 Ill. 636-640) said: "A verification, or lack thereof, does not affect the jurisdiction of the court where the informa-

tion charges a crime, and while it is an invasion of his constitutional rights to try the accused on an unverified or improperly verified information, yet such an objection may be waived by the accused and is waived by him by proceeding to trial without raising the objection. (*People v. Leinecke*, 290 Ill. 560; *People v. Reed*, 287 id. 606; *People v. Powers, supra.*)'' Counsel for defendant cite *People v. Zlotnicki*, 246 Ill. 185 to sustain defendant's contention as to the necessity of the verification of an information but the later decisions of our Supreme Court, to which we have above referred, are controlling.

For the reasons stated, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.