THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARTHUR BURNETT, Defendant-Appellant.

First District (5th Division)    No. 78-782

Opinion filed June 22, 1979.

Ralph Ruebner and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Paul C. Gridelli, and Christopher Cronson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

On October 9, 1973, defendant was indicted for unlawful restraint and armed robbery. (Ill. Rev. Stat. 1977, ch. 38, pars. 10—3 and 18—2.) Following a bench trial held on March 22, 1978, defendant was convicted of both offenses and was sentenced respectively to concurrent terms of one to three and four to seven years imprisonment. On appeal, he contends that the trial judge, (1) abused his discretion when he denied a defense motion for a continuance, and (2) erred when he failed to disqualify himself from hearing the case.

The following pertinent evidence was adduced at trial.

*For the State*

*Eddie Williams*

On October 9, 1973, at approximately 1:15 a.m. he was driving in the vicinity of 48th Street and Indiana when his automobile struck a hole in the street. He stopped the car at 47th Street, got out, and began checking the

rear tire on the driver's side. He noticed that a man and a woman were standing on the corner. The man, whom he identified in court as defendant Arthur Burnett, walked over to him, placed a knife at the back of his neck, and announced a "stick up." He said "Don't cut me" to Burnett, and handed him a $20 bill. Burnett took it and handed it to the woman, who had joined them. Burnett then forced him into his car. The woman got in on the right passenger side, and Burnett took the wheel. He drove the car to 51st Street and Federal, and parked next to a "project building." Burnett held him by the arms, and the three of them walked toward the building. Burnett and the woman searched him and took his coin purse containing $2 and wallet, containing about $9. The woman took his things and went into the building. A squad car drove by and he yelled to the police for help. He told the police that he had been robbed, and they took Burnett into custody. They looked for the woman, but were unable to find her. The police then took them to the 51st Street station.

On cross-examination, he stated that Burnett held the knife to the left side of his neck. He admitted telling Investigator Regan that the two people took two wallets containing $23. He denied telling the arresting officers that both people had knives. He denied offering money to a woman to perform a sexual act.

*William Rodigan, Chicago Police Officer*

On October 9, 1973, he and his partner, Officer Dwyer, were in uniform and patrolling in a "beat car." At approximately 2:15 a.m. they observed two men walking toward a building at 5247 South Federal. One of the men, Mr. Williams, called out, "Help, this man just robbed me." They got out of their police car and detained the men. He searched Burnett and found that he was carrying a knife in his pocket. After spending 20-30 minutes looking for a woman who Williams said was involved in the robbery, they went to 5247 South State and recovered Williams' car.

On cross-examination, he acknowledged that Williams told him that the offenders took two wallets. He acknowledged that 47th and Indiana is an area of "heavy prostitution."

It was stipulated by the State and defendant that if Chicago Police Investigator Brian Regan and Chicago Police Officer Dennis Dwyer were called, they would testify that Mr. Williams told them that both of the offenders produced knives, and that two wallets were taken from him.

OPINION

Defendant first contends that the trial court abused its discretion by denying his motion for a continuance. Defendant stated that a continuance was needed to enable him to obtain a transcript of a preliminary hearing which was allegedly held on October 23, 1973. Section 114—4(e) of the Code of Criminal Procedure provides that all motions for continuances are

addressed to the discretion of the trial court, and are to be considered in light of the movant's diligence. (Ill. Rev. Stat. 1977, ch. 38, par. 114–4(e).) The exercise of the court's discretion will not be interfered with except in cases of clear abuse. (*People v. Clark* (1956), 9 Ill. 2d 46, 137 N.E.2d 54, *cert. denied* (1957), 352 U.S. 1002, 1 L. Ed. 2d 546, 77 S. Ct. 559.) Whether an abuse of discretion occurred depends upon the particular facts and circumstances of each case. *People v. Collins* (1977), 54 Ill. App. 3d 873, 370 N.E.2d 276.

■■ The record herein discloses that defendant was arraigned and the public defender was appointed as his counsel on November 13, 1974. A private attorney was subsequently retained, and the case was continued. The private attorney withdrew on February 27, 1978, and the public defender was re-appointed on March 1. Represented by the public defender, defendant answered that he was ready and demanded trial on March 6. However, on March 22, as the trial was about to commence, defendant made his motion that the case be continued again because he did not have a transcript of a preliminary hearing held some 4½ years earlier, in October of 1973. As we indicated above, defendant's motion for a continuance had to be considered in light of his own diligence. Defendant was required to support his motion with facts showing his diligent attempts to obtain the transcript, rather than with mere opinion or conclusion that diligence had been exercised. (See *People v. Boyce* (1977), 51 Ill. App. 3d 549, 366 N.E.2d 914.) The record reveals, however, that absolutely no facts were presented to the trial court which would establish that any diligent effort had been made to secure the transcript prior to trial. The only assertions made by defense counsel in support of the motion were that the transcript had "never been tendered" to them, that they had "attempted" to speak to the attorney who previously represented defendant, and that "he also did not have a copy" of the transcript. Defendant cites this portion of the record and asserts that defense counsel's diligence was thereby "established." We disagree with this assertion. There was no showing of what steps, if any, had been taken to retrieve the transcript, or even to determine its whereabouts or its existence. There was also no suggestion made as to what steps, if any, would be taken to locate the transcript if a continuance were granted. Accordingly, we conclude that the trial court did not abuse its discretion in denying the motion for a continuance. This conclusion is further supported by the fact that defendant does not appear to have suffered any prejudice as a result of the court's ruling. In *People v. Canaday* (1971), 49 Ill. 2d 416, 427, 275 N.E.2d 356, 362-63, our supreme court stated that "it cannot be said that a motion for continuance has been improperly denied, unless it appears that the refusal to grant additional time has in some way embarrassed the accused in the preparation of his defense and thereby prejudiced him." Defendant herein concedes that all

of his attempted impeachments were accomplished at trial, and he is unable to point to any specific harm which was caused to his defense by the court's refusal to grant additional time. Based on the above, we conclude that the denial of defendant's motion for a continuance was a proper exercise of the trial court's discretion.

Defendant also contends that error was committed when the trial judge failed to disqualify himself from hearing the case. At the commencement of the trial, the trial judge informed the parties that he had served as an Assistant State's Attorney in charge of other Assistant State's Attorneys at the "Civic Center" (officially known as the Richard J. Daley Center) where defendant's case had previously been pending and where a bond forfeiture hearing had been held. On appeal, defendant cites Supreme Court Rule 67(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 67(c)), which provides that:

> "(c) A judge shall not participate in any case in which he has previously acted as counsel. He cannot rid himself of this responsibility by consent of counsel or the parties to the case."

In explaining his prior position as an Assistant State's Attorney, the trial judge also stated that he "had no knowledge whatsoever of the case and had never seen the case or handled the case or acted as counsel." Defendant has not attempted to disprove that statement or show that the trial judge was in any way ever actually involved with the prosecution of his case. Defendant argues, however, that the judge's former supervisory position, as described above, is covered by the terms of Rule 67(c), so that the judge's participation in the case constituted reversible error.

■■ We reject this argument. The State and defendant agree that the issue as presented by these facts and argued by defendant has not been dealt with in Illinois. However, it is a well-established rule of statutory construction that in the absence of statutory definitions indicating a contrary legislative intent, courts will assume that the words of a statute have their ordinary and popularly understood meanings. (*People v. Dednam* (1973), 55 Ill. 2d 565, 304 N.E.2d 627; *Jackson v. Civil Service Com.* (1976), 41 Ill. App. 3d 87, 353 N.E.2d 331.) Supreme Court Rules 61 through 71 (Ill. Rev. Stat. 1977, ch. 110A, pars. 67-71) enunciate specific and far-reaching standards of judicial conduct. The rules by their plain, ordinary meanings forbid a judge from acting in a case where a conflict exists, or where he cannot act impartially. There is no need to expand upon the plain meanings of the words used in those rules and, more importantly, the legislature has not indicated that such an expansion should be made. We conclude that the words of Rule 67(c) referring to a judge who "acted as counsel" should be given their plain meaning, and should apply to a judge who was actually involved in the prosecution or defense of an accused's case. Because the trial judge's former supervisory

capacity as an Assistant State's Attorney does not amount to his having "acted as counsel" under Rule 67(c), and because there is absolutely no evidence presented that there were any signs of a conflict or partiality, we reject defendant's contention that the trial judge erred in not disqualifying himself from hearing the case.

Based on the foregoing, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.