THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CAROL E. AUSTIN, a/k/a Carol Parker, Defendant-Appellant.

Second District   No. 81—884

Opinion filed July 5, 1983.

G. Joseph Weller and John R. Wimmer, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Carol E. Austin, a/k/a Carol E. Parker, was convicted of retail theft (Ill. Rev. Stat. 1981, ch. 38, par. 16A—3(a)), and was sentenced to a one-year term of probation commencing December 16, 1980. Thereafter, the circuit court found pursuant to the State's petition, that defendant had breached certain conditions of her probation, in that she committed a subsequent offense of retail theft (Ill. Rev. Stat. 1981, ch. 38, par. 16A—3(c)), and had failed to report as scheduled to her probation officer. Defendant's probation was revoked, and defendant was sentenced to serve a term of 120 days' imprisonment in the county jail. Defendant appealed.

On May 13, 1980, a preliminary hearing was held concerning four separate charges, including the present retail theft charge, which were then pending against the defendant. Mr. Craig Peterson, of the Winnebago County Public Defender's Office, was appointed to represent defendant on the present charge at the May 13 preliminary hearing.

During the May 13 hearing, one of the four charges against defendant was dismissed on the State's motion. A trial date was set on the remaining charges and defendant was placed on a $3,000 recognizance bond. The record does not reflect whether attorney Craig Peterson took part in further activities below as counsel for defend-

ant. However, it is clear that the State's May 29, 1981, petition to revoke defendant's probation was heard and determined by the Honorable K. Craig Peterson, a judge of the circuit court in Winnebago County. On appeal, defendant has moved the court to take judicial notice that the Honorable K. Craig Peterson was the same person who appeared on defendant's behalf at the May 13, 1981, preliminary hearing. The State filed objections to the defendant's motion, and this court entered an order on February 1, 1983, which ordered the defendant's motion and objections thereto to be taken with the case.

The facts adduced at the probation revocation hearing can briefly be set forth. An employee of the Farm & Fleet store in Rockford, Illinois, was asked to intercept defendant and her companion as they left the store, and inquire regarding a pair of wire snips. As the parties walked to the shelf where defendant allegedly placed the snips, the employee observed defendant remove a pair of wire snips from her purse, and hand them to the store manager. The wire snips in question was ordinarily displayed for sale on a rack within the store.

Both the defendant and her companion testified for the defense. Both witnesses testified that defendant found the wire snips on the shelf where she had previously laid them. Defendant denied that she had placed the snips in her purse.

The State also adduced evidence that defendant had failed to keep many scheduled appointments with her probation officer. Defendant attempted to explain her numerous failures to appear before that officer, as attributable to alleged problems with her mail delivery, as well as personal illness.

The circuit court found that the State had proved both counts of its petition to revoke defendant's probation by a preponderance of the evidence. Thereafter, an order terminating defendant's probation was entered.

A resentencing hearing was held September 22, 1981, during which defendant was sentenced to 120 days in jail. Defendant was not personally present at that hearing, due to her pregnancy. Neither was a court reporter present during that hearing.

After several continuances, a hearing was held November 6, 1981, during which the court granted defendant's motion to stay issuance of the mittimus pending appeal. Then, the circuit court invited the parties to reiterate their positions respecting defendant's sentence, so that defendant could be personally apprised of the reasons for her sentence, and also so that the positions of the parties and the court regarding the sentence could be "transcribed for appeal." The circuit court reiterated in detail its reasons for imposing jail time on the

defendant, and it was obvious from the court's comments that it intended that defendant actually serve her 120-day sentence in jail. However, the record is devoid of a written order, or express oral comment of the circuit court, which would deny defendant sentence credit for the time she spent on probation. In fact, there is no indication in the record that the subject of credit for time served on probation was ever raised by any of the parties or the court. If such credit is extended, defendant will serve no time in jail as a result of the circuit court's 120-day sentence, as the period between her admission to probation, December 16, 1980, and the filing of the State's petition to revoke her probation, May 29, 1981, exceeded 120 days.

We note two further facts which are material to defendant's appellate contentions. First defendant moved for a directed finding at the close of the State's proofs below, on the ground that the State failed to prove that defendant committed the offense charged (Ill. Rev. Stat. 1981, ch. 38, par. 16A—3(c)). The substance of this challenge to the State's proofs is repeated in the defendant's appellate brief. Second, defendant filed timely notice of appeal on October 6, 1981, exactly 30 days before the parties and the court restated their respective positions regarding defendant's sentence at the November 6, 1981, hearing.

### Defendant's Motion to Take Judicial Notice

■■ We take judicial notice of the fact that public defender Craig Peterson was the same Honorable K. Craig Peterson who, as a judge of the circuit court of Winnebago County, presided over the probation revocation hearing held below. (III Martindale-Hubbell Law Directory 333 (113th ed. 1981).) A court is presumed to know its officers, and all public officials in civil affairs within its jurisdiction. (*City of Rockford v. Mower* (1913), 259 Ill. 604, 609; *Thompson v. Haskell* (1859), 21 Ill. 215, 216; 1 Gard, Illinois Evidence Manual 51 (2d ed. 1979).) Not only may this court notice the Honorable K. Craig Peterson's position on the bench within the bounds of the Second Judicial District (*People v. McCullough* (1940), 305 Ill. App. 269, 271-72, 27 N.E.2d 473, 475), but the court may also notice the judge's former civil office as a public defender (*City of Rockford v. Mower* (1913), 259 Ill. 604, 609), or his status as a member of the bar and officer of the court (*Ferris v. Commercial National Bank* (1895), 158 Ill. 237, 241).

■■ The State is incorrect in its assertion that the record contains an insufficient basis upon which judicial notice of the identity of the Honorable K. Craig Peterson can be taken. Nor was defendant required to support her motion with affidavits pursuant to Supreme

Court Rule 361(a) (87 Ill. 2d R. 361(a)). The circuit court judge's participation in this case is clearly established in the record, and this court does not require further information submitted by way of affidavit, to properly notice the identity of a court officer. Defendant's motion is allowed, and the State's objection thereto is overruled.

### New Probation Revocation Hearing

Illinois Supreme Court Rule 67(c) provides:

"A judge shall not participate in any case in which he has previously acted as counsel. He cannot rid himself of this responsibility by consent of counsel or the parties to the case." (87 Ill. 2d R. 67(c).)

Defendant, in reliance on Supreme Court Rule 67(c) contends that the circuit court committed reversible error when it failed to recognize its prior representation of defendant on the instant charges, and consequently, failed to recuse itself from this case on its own motion. Defendant accurately notes that the circuit judge "acted as counsel" for defendant, for purposes of Supreme Court Rule 67(c), when the judge, who was then a public defender, appeared on defendant's behalf at the May 13, 1980, preliminary hearing in this cause. (See *People v. Burnett* (1979), 73 Ill. App. 3d 750, 754, 392 N.E.2d 235, 238 (construed plain meaning of phrase "acted as counsel" found in Supreme Court Rule 67(c)).) Defendant's bond and trial date on the underlying retail theft charge was set at the May 13, 1980, hearing. It is possible, and indeed likely that defendant had additional discussions with Public Defender Peterson relating to the instant charges, following the May 13, 1980, hearing. Thus, it is clear from the record that the provisions of Supreme Court Rule 67(c) were applicable to this case. An attorney/client relationship had formed between defendant and Public Defender Peterson. Furthermore, that relationship was established *vis-a-vis* the instant charges, because a probation revocation hearing is merely a review of the original sentence of probation granted upon the underlying substantive criminal charge. (See *People v. Estes* (1977), 46 Ill. App. 3d 339, 341, 360 N.E.2d 1165, 1166-67.) Consequently, defendant's probation revocation hearing should have been conducted before another judge. The issue on appeal is whether Judge Peterson's failure to recuse himself *sua sponte* pursuant to Supreme Court Rule 67(c), necessitates that the judgment entered by Judge Peterson must be vacated, and defendant accorded a new probation revocation hearing.

The State, in support of the judgment below, suggests that Supreme Court Rule 67(c) does not extend a private right to criminal

defendants, but rather, speaks solely to the ethical responsibilities of judicial personnel. The State asserts that the sole consequence of a violation of Supreme Court Rule 67(c) is set forth in Supreme Court Rule 71 (87 Ill. 2d R. 71); that is, possible disciplinary action against the judge. Although no case authority has been located on this point, we reject the State's argument.

■ Although Supreme Court Rule 67(c) does primarily address the ethical responsibilities of the Illinois judiciary, the rule also reflects a deeper policy judgment that a party, in fairness, should not be tried before a judicial officer with whom he had a prior attorney/client relationship in that same cause. The State contends that the involvement of Public Defender Craig Peterson with defendant in connection with the initial theft charge was so minimal that defendant was not prejudiced by the judge's involvement in the probation revocation proceeding. However, the decisive factor for purposes of this issue is the effect of the appearance rather than a demonstration of impropriety below. Mere representation of a defendant, although brief, is sufficient to require a judge's recusal under Supreme Court Rule 67(c).

■ Regardless of whether Supreme Court Rule 67(c) itself prescribes a private remedy for its violation, it nonetheless remains that a situation such as the one involved here gives rise to the appearance of impropriety, although no improper motive on the part of any party here is evident from the record. A recent American Bar Association draft contained the following commentary, which is relevant on this point:

> "Beyond compliance with local statutes, the trial judge has an obligation to recuse himself whenever necessary to protect the right of the accused and of the public to an impartial trial. Canon 3C(1), Code of Judicial Conduct (Final Draft, May 1972). The appearance of bias or prejudice can be as damaging to public confidence in the administration of justice as would be the actual presence of bias or prejudice. [Citation.]
>
> Some situations requiring recusation are obvious, such as those involving relationships of consanguinity or affinity with the accused, the prosecuting witness, or other key figures in the trial. [Citations.] Participation in the investigation of the case or in commencement of the prosecution should disqualify newly-appointed judges who had a prior prosecutorial role. [Citations.] More subtle and more difficult of resolution are those cases in which the connection between the judge and other participants is remote and tenuous. Nothing more can be suggested by way of guidance than that there be a concerned in-

terest in ascertaining whether the public impression will be favorable, even though the judge is convinced of his own impartiality. The question never centers on the reasonableness or fairness of the image which is being created, but rather on the actual character of that image. [Citation.]" (A.B.A. Standards, The Function of the Trial Judge 35-36 (Approved Draft 1972).)

Defendant has directed the court's attention to situations in which the policy underlying Supreme Court Rule 67(c) has been cited by analogy, in support of the reversal of an administrative adjudication, where the litigant was tried before a potentially partial tribunal. (See *Mank v. Board of Fire & Police Commissioners* (1972), 7 Ill. App. 3d 478, 483-84, 288 N.E.2d 49, 53.) Moreover, it is implicit in the few authorities which have construed Supreme Court Rule 67(c), that a violation of that rule might result in reversible error. (See *People v. Lipa* (1982), 109 Ill. App. 3d 610, 612-13, 440 N.E.2d 1062, 1064; *People v. Burnett* (1979), 73 Ill. App. 3d 750, 754, 392 N.E.2d 235, 238.) It is concluded on the basis of all of these materials that a violation of Supreme Court Rule 67(c), in a proper case, can amount to a reversible error. We do not adopt the State's suggestion that judicial disciplinary procedures form the sole sanction which may accompany a violation of Supreme Court Rule 67(c).

■ The question which remains is whether defendant has waived her objection to the failure of the circuit court to recuse itself by not raising such contention below. Ordinarily, an appellant may not prevail upon an issue raised for the first time in the appellate court. (See *City of Elgin v. Rippberger* (1978), 59 Ill. App. 3d 92, 93, 375 N.E.2d 170, 171-72; *Witek v. Leisure Technology Midwest, Inc.* (1976), 39 Ill. App. 3d 637, 640, 350 N.E.2d 242, 245.) However, both the right of defendant to a trial before an impartial tribunal, and the duty of a court to avoid the appearance of impropriety, leads us to relax the waiver rule in this case, and grant defendant a new probation revocation hearing before a different judge pursuant to our authority under Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)).

The State further suggests that a defendant might attempt to obtain the best of both worlds by failing to seek a judge's recusal at trial, and then later appeal that judge's ruling based upon Supreme Court Rule 67(c), should that ruling be unfavorable. If the record did reflect such conduct on the part of defendant, then we conceivably could find that defendant invited error and knowingly waived her right to have the probation revocation hearing adjudicated before another judicial officer. In this case, there is no indication in the record that either defendant, or the circuit judge, was cognizant of the

judge's prior representation of defendant in this cause. Nor was defendant particularly experienced with court procedure such that this court might presume defendant's awareness of her right to be tried before another circuit judge. We decline to apply the waiver rule to this issue. Defendant should receive a new probation revocation hearing before another judge.

## Mischarging

■ Because the other issues raised by defendant may arise from the new hearing, we will review them. Count I of the State's petition to revoke defendant's probation alleged that defendant committed the offense of retail theft in that she transferred a set of wire snips "from the container in or on which said merchandise was displayed to another container," with the intention of depriving Farm & Fleet of the full retail value of that merchandise, in violation of section 16A–3(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 16A–3(c)). In essence, defendant contends that the State mischarged her under section 16A–3(c) of the retail theft statute. Defendant implicitly concedes that her conduct below could have been charged under the more general subsection of the retail theft statute, section 16A–3(a). However, defendant insists that she was not proved guilty of commission of section 16A–3(a) as that section has been construed by defendant. Defendant's contention is not meritorious.

According to defendant, section 16A–3 was intended to address only the situation where a shoplifter has taken one item of store merchandise from a display (which defendant apparently concedes is a "container" under the statute), and placed that item in her purse, which according to defendant, does not qualify as a *proper* "container" under section 16A–3(c).

However, in the absence of ambiguity, courts are to accord the words of a statute their "plain, ordinary and common meaning." (*Airdo v. Village of Westchester* (1981), 95 Ill. App. 3d 568, 569, 420 N.E.2d 472, 473; *People v. Rogers* (1980), 86 Ill. App. 3d 1092, 1093-94, 408 N.E.2d 769, 770.) Here, section 16A–3(c) does not appear to be ambiguous on its face. A purse is clearly a "container," which is used as such in day-to-day life. Section 16A–3(c) does not expressly differentiate between "containers" owned by the merchant, and those carried into the store by shoplifters. Nor is such a distinction apparent, or rationally justified by reference to the statutory scheme underlying section 16A–3(c). Defendant is mistaken in her assertion that section 16A–3(c) would be rendered superfluous by section 16A–3(a). Defendant could have been charged under either provision under the

circumstances of this case. However, defendant completed the offense provided by section 16A—3(c) when she placed the wire snips in her purse. In contrast, the offense specified in section 16A—3(a) requires commission of an additional element: that the shoplifter take possession of, carry away, transfer, or cause to be carried away or transferred the merchandise in question. Thus, sections 16A—3(a) and (c) are separate offenses, completed in different manners at separate times. The fact that defendant was chargeable under both sections under the circumstances of this case, does not necessitate a finding that section 16A—3(c) is superfluous to subsection (a), or require the adoption of defendant's strained construction of section 16A—3(c).

Furthermore, defendant's probation revocation and sentence could be affirmed based upon her unchallenged failure to report to her probation officer as scheduled. (Compare *People v. Freeman* (1964), 49 Ill. App. 2d 464, 467, 200 N.E.2d 146, 147, with *In re G. L. C.* (1979), 74 Ill. App. 3d 411, 412-13, 393 N.E.2d 113, 114.) It is noted that defendant's reliance on the case of *People v. Guppy* (1975), 30 Ill. App. 3d 489, 333 N.E.2d 576, is misplaced. *Guppy* involved a direct appeal of defendant's convictions and sentence, where some but not all of defendant's convictions were reversed on appeal. The present case, in contrast, is governed by a different rule applicable to the review of a revocation of probation. See, *e.g., People v. Freeman* (1964), 49 Ill. App. 2d 464, 467, 200 N.E.2d 146, 147.

### Credit for Time Spent on Probation

■ As her final contention, defendant requests that this court should, in the event of remand, direct that the mittimus provide that defendant receive credit against her jail sentence for time successfully spent on probation. Defendant's request is denied.

It is true that defendant is entitled to the sentence credit claimed, because the circuit court below did not order that such credit would be denied. (*People v. Hollingsworth* (1982), 89 Ill. 2d 466, 467-68; *People v. Hills* (1980), 78 Ill. 2d 500, 508; *People v. Stiger* (1979), 69 Ill. App. 3d 188, 191-92, 387 N.E.2d 55, 57-58; Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(h).) Nonetheless, there is no indication in the record that defendant will be denied such credit upon remand. The issuance of mittimus from the circuit court was stayed, pending resolution of this appeal. Thus, there exists no mittimus below either to "correct" or enlarge. Nor does there exist a purported *nunc pro tunc* order respecting defendant's sentence credit entitlement. Defendant's request for relief of this nature is simply premature.

The State's suggestion that defendant has waived her right to

seek sentence credit, through her failure to provide this court with an accurate record upon which to review her sentence, is meritless. Defendant has not waived a claim of error respecting her sentence, and therefore, the State's citation of authority concerning an appellant's duty to bring up the appellate record, has no application here. Moreover, the State freely participated in the November 6, 1981, hearing, a purpose of which hearing was to set forth a transcript of the circuit court's sentencing determination, and the reasons for such determination, for purposes of appeal. If indeed waiver is apparent from the record, such waiver occurred November 6, 1981, and the party aggrieved by such waiver would be the State.

Nor is the State persuasive in its contention that defendant is not entitled to receive sentence credit under section 5—6—4(h), inasmuch as it was obvious that the circuit court intended defendant to serve jail time. The Illinois Supreme Court rejected that exact argument in its recent opinion in *People v. Hollingsworth* (1982), 89 Ill. 2d 466.

The judgment of the circuit court of Winnebago County is affirmed in part, reversed in part and remanded for a new revocation hearing before a different judge.

Affirmed in part, reversed in part and remanded.

SEIDENFELD, P.J., and HOPF, J., concur.