IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard J. Puleo and Lorraine B. Puleo,    :
         :
         Appellants    :
         :
         v.    : No. 463 C.D. 2019
    : Argued: June 8, 2020
The Borough of Phoenixville,    :
Portnoff Law Associates, Ltd.,    :
Diane M. Boehret, Esq.,    :
Robert P. Daday, Esq., and    :
James R. Wood, Esq.    :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
         HONORABLE MICHAEL H. WOJCIK, Judge
         HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK         FILED: July 10, 2020

Richard J. Puleo and Lorraine B. Puleo (collectively, Landowners) appeal *pro se*[1] the order of the Chester County Court of Common Pleas (trial court)

---

[1] As this Court has previously noted:

> Although Richard J. Puleo . . . has not entered his appearance in this Court . . . we take notice that Landowner Richard J. Puleo is a member of the Pennsylvania Bar. *See, e.g.*, *People v. Austin*, 451 N.E.2d 593, 595-96 (Ill. App. Ct. 1983) ("A court is presumed to know its officers, and all public officials in civil affairs within its jurisdiction. Not only may this court notice [a judge's] position on the bench within the bounds of the [court's jurisdiction], but the court may also notice the judge's former civil office as a public defender, or his status as a member of the bar and officer of the court.") (citations omitted). *See also* Rule 201(b) of the

**(Footnote continued on next page…)**

sustaining the preliminary objections (POs) of the Borough of Phoenixville (Borough), Portnoff Law Associates, Ltd., and Diane M. Boehret, Esq., Robert P. Daday, Esq., and James R. Wood, Esq. (collectively, Portnoff Defendants) and striking Landowners' Second Amended Complaint with prejudice. We affirm.

On September 22, 2016, the Borough filed a municipal claim for delinquent water, sewage and trash fees against Landowners' property, Kenalcon Apartments, located in the Borough pursuant to the provisions of what is commonly referred to as the Municipal Claims and Tax Liens Act (Tax Liens Act).[2] On June 16, 2017, the Borough filed a writ of *scire facias* based on the claim. On July 26, 2017, Landowners filed an affidavit of defense to the writ, a Motion to Strike, and a counterclaim and cross claim to the writ. On September 27, 2017, the trial court denied Landowners' Motion to Strike and sustained the Borough's POs to Landowners' counterclaim and cross claim. On February 14, 2018, the Borough filed a Motion for Judgment for Want of Sufficient Affidavit of Defense pursuant to Section 19 of the Tax Liens Act, 53 P.S. §7271.

Ultimately, on April 23, 2018, the trial court issued an order entering judgment in the Borough's favor, and against Landowners, and the Borough filed a

---

**(continued…)**

> Pennsylvania Rules of Evidence, Pa. R.E. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction [or] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

*Borough of Phoenixville v. Puleo* (Pa. Cmwlth., No. 1083 C.D. 2018, filed May 2, 2019) (*Puleo I*), slip op. at 1 n.1.

[2] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7455.

2

Praecipe for Judgment based on the trial court's order. On May 1, 2018, Landowners filed a Motion for Reconsideration to which the Borough responded, conceding that it did not attach a proposed rule to its Motion for Judgment for Want of Sufficient Affidavit of Defense pursuant to Section 19 of the Tax Liens Act, and that the amount of the judgment entered is incorrect. *See Puleo I*, slip op. at 14-15. Landowners appealed the trial court's order, and this Court vacated the order and remanded for the trial court to reconsider the amount of the judgment entered in favor of the Borough and against Landowners, and the interest accrued thereon, based on the Borough's concession in its response to the Motion for Reconsideration. *See id.*[3]

On July 23, 2018, while the appeal in *Puleo I* was pending, Landowners filed a complaint against the Borough and the Portnoff Defendants based on their pursuit of the municipal claim for delinquent water, sewage and trash fees against Landowners' property. The complaint alleged the following counts: (1) abuse of process in filing and pursuing the municipal claims; (2) negligence based on the foregoing actions; (3) negligent misrepresentation relating to the incorrect amount of the lien; (4) slander of title because the judgment was pursued and entered with reckless disregard for the truth and caused Landowners economic damage; and (5) fraud against the Portnoff Defendants for initiating and pursuing these purportedly improper claims on the Borough's behalf. The Borough and the Portnoff Defendants filed POs in the nature of a demurrer.

---

[3] This Court also determined that Landowners had waived a number of appellate claims due to deficiencies in their appellate brief. *See Puleo I*, slip op. at 15 n.1. *See also* Pa. R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall [be] followed by such discussion and citation of authorities as are deemed pertinent.").

3

In response, on September 5, 2018, Landowners filed an Amended Complaint raising the same claims. Supplemental Reproduced Record (S.R.R.) at 51b-141b.[4] On September 26, 2018, the Borough filed POs asserting, *inter alia*, immunity from liability because the claims did not fall within any of the exceptions provided in what is commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§8541-8542. *Id.* at 143b.

That same day, the Portnoff Defendants filed POs alleging, *inter alia*, the Borough's immunity and that Landowners' claims were barred by *res judicata* and issue preclusion estoppel because they were the same claims against the same parties that were raised and rejected in *Puleo I. See id.* at 143b-148b. The Portnoff Defendants also raised preliminary objections in the nature of the economic loss doctrine;[5] a demurrer to the abuse of process, negligent misrepresentation, and slander of title claims; and insufficient specificity with respect to the slander of title claim because it was unclear based on the facts alleged in the Amended Complaint as to whether that claim was raised within the one-year statute of limitations. *See id.* at 148b-151b.

---

[4] Notably, in the Amended Complaint, Landowners alleged that "[o]n or about July 28, 2018, [they] sold the real property," and that "[a]t closing on the real property, [they] paid [] the Borough the sum of $16,688.13, which was the final water, sewer & trash bill owed to the Borough." S.R.R. at 58b.

[5] As alleged, "[t]he economic loss doctrine generally bars claims for negligence and negligent misrepresentation when the only damages are economic loss. *Excavation Techs. v. Columbia Gas*, [985 A.2d 840, 841-42 (Pa. 2009)]." S.R.R. at 148b. *But cf. Dittman v. UPMC*, 196 A.3d 1036, 1055 (Pa. 2018) ("[T]he *Excavation Technologies* Court did not hold that the economic loss doctrine barred *Excavation Technologies*' claim. Rather, it held that *Excavation Technologies* failed to state a viable claim for negligent misrepresentation under . . . the Restatement in the first instance.").

On November 5, 2018, the trial court issued an order sustaining the Portnoff Defendants' preliminary objections and granted Landowners leave to file an amended complaint. S.R.R. at 155b.[6] That same day, the trial court issued an

[6] As the trial court explained in its order:

> [Portnoff] Defendants have filed [POs] in the nature of a demurrer to each of [Landowners'] counts due to [their] failure to plead the essential elements of each count. As an example only, with regard to [Landowners'] claim for abuse of process, we note that abuse of process will not be found where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions; there must be a perversion of the process. *Shaffer v. Stewart*, 473 A.2d 1017, 1019 (Pa. Super. 1984). We find that [Landowners] have failed to plead a "perversion of the process." With regard to [Landowners'] counts for Negligence, Negligent Misrepresentation and Fraud, we find that [Landowners] have failed to plead their reliance on [Portnoff] Defendants' allegedly fraudulent/negligent statements.
>
> [Portnoff] Defendants have also filed [POs] in the nature of a demurrer to [Landowners'] counts for Negligence, Negligent Misrepresentation, Slander of Title and Fraud based on the doctrine of collateral estoppel. The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Werner v. Plater-Zyberk*, 799 A.2d 776, 783 (Pa. Super. 2002)[.] In the underlying [Tax Liens Act] Action, [Landowners] filed Counterclaims and Cross Claims which raised the same averments as the instant Amended Complaint. The Counterclaims and Cross Claims were dismissed by Order dated September 24, 2017. Subsequently, [the Borough] filed a Motion for Want of Sufficient Affidavit of Defense which was granted by Order dated April 23, 2018.
>
> Finally, [Portnoff] Defendants have filed [POs] in the nature of a demurrer to the same four Counts as above, based on the doctrine of absolute judicial privilege. Based on the Amended Complaint and the pleadings filed in the underlying [Tax Liens Act] Action, we sustain this Objection.

**(Footnote continued on next page…)**

order sustaining the Borough's POs and striking Landowners' claims. S.R.R. at 159b.[7]

On November 27, 2018, Landowners filed the instant Second Amended Complaint against the Borough and Portnoff Defendants raising the same claims that were raised in the prior Amended Complaint. *See* S.R.R. at 187b-236b. On December 17, 2018, Portnoff Defendants renewed their POs to the Second Amended Complaint based on the deficiencies that Landowners failed to address therein. *See id.* at 239b-300b. That same day, the Borough filed POs to the Second Amended Complaint. *See generally* Reproduced Record (R.R.) at 8a.

On March 7, 2019, the trial court issued an order sustaining Portnoff Defendants' POs and striking Landowners' Second Amended Complaint. S.R.R. at 359a.[8] That same day, the trial court filed an order sustaining the Borough's

---

**(continued…)**

S.R.R. at 155b-157b n.1.

[7] As the trial court stated in its order:

> [The Borough's] first [PO] is in the nature of a demurrer based on the [Tort Claims Act]. Upon review, we find that none of the exceptions to immunity listed in [Section 8542(b) of the Tort Claims Act] apply to the instant action. Based on our resolution of [the Borough's] first [PO], we do not reach the remaining [POs].

S.R.R. at 159b-160b n.1.

[8] In its order, the trial court stated:

> [Portnoff] Defendants have filed similar [POs] to those filed to [Landowners'] Amended Complaint. Upon review of the Second Amended Complaint, we find that it does not correct the deficiencies detailed in the footnote to our November 5, 2018 Order sustaining [Portnoff] Defendants' [POs] to [Landowners']

**(Footnote continued on next page…)**

POs and striking the claims raised against it in Landowners' Second Amended Complaint. *Id.* at 356b.[9] Landowners then filed this appeal of the trial court's orders.[10]

On appeal, with respect to Landowners' claims against the Borough, they query, "Whether the [t]rial [c]ourt abused its discretion or committed an error of law or whether [their] constitutional rights were violated when the [trial c]ourt sustained the [Borough's] [POs] and ordered that [their] Second Amended Complaint [be] stricken with prejudice[.]" Brief for Appellants at 2. Likewise,

---

**(continued…)**

> Amended Complaint. Since this is [Landowners'] third unsuccessful attempt, we are striking the Second Amended Complaint with prejudice.

S.R.R. at 359b-360b n.1.

[9] In its order, the trial court stated, "We first note that it is unclear whether [Landowners] are, in fact, asserting any claims against [the Borough]. However, in the event they are, pursuant to our Order dated November 5, 2018, we struck all claims against the Borough without leave to replead." S.R.R. at 357b n.1.

[10] As this Court has explained:

> Our scope of review on appeal from an order sustaining [POs] and dismissing a complaint is limited to determining whether the trial court committed legal error or abused its discretion. When considering [POs], we must accept as true all well-pled facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, but not conclusions of law. [POs] in the nature of a demurrer should be sustained only where the pleadings are clearly insufficient to establish a right to relief; any doubt must be resolved in favor of overruling the demurrer.

*Boyd v. Rockwood Area School District*, 907 A.2d 1157, 1163 n.8 (Pa. Cmwlth. 2006) (citations omitted).

7

with respect to their claims against Portnoff Defendants, they query, "Whether the [t]rial [c]ourt abused its discretion or committed an error of law or whether [their] constitutional rights were violated when the [trial c]ourt sustained the Portnoff Defendants[' POs] and ordered that [their] Second Amended Complaint [be] stricken with prejudice." *Id.* at 2-3.

As outlined above, the Statement of Questions Involved portion of Landowners' appellate brief merely states that the trial court erred or abused its discretion and violated their constitutional rights in granting the POs and striking the Second Amended Complaint, without any reference to the manner in which it committed the error or abused its discretion or "fairly suggest[ing]" the same. Such generic claims do not preserve any specific issues for our review on appeal. Pa. R.A.P. 2116(a); *Faherty v. Gracias*, 874 A.2d 1239, 1245 (Pa. Super. 2005); *Anderson v. Anderson*, 544 A.2d 501, 506 n.7 (Pa. Super. 1988).

To the extent that the foregoing Statement of Questions Involved preserve any appellate issues, Landowners' constitutional claims were not raised before the trial court and will not be addressed for the first time in this appeal. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *In Re Lehigh County Constables*, 172 A.3d 712, 717 (Pa. Cmwlth. 2017) (holding that an appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below); *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997)

8

("[Pa. R.A.P.] 302(a) clearly states that issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").[11]

With respect to the remaining appellate claims, the trial court properly explained its reasoning for sustaining the POs and striking the complaints against the Borough as none of the asserted claims fall within the exceptions to its immunity, and against the Portnoff Defendants as the claims were considered and rejected in the prior *Puleo I* proceedings, and Landowners failed to allege sufficient facts in the complaints to support these claims. *See* S.R.R. at 155b-157b, 159b-160b, 357b, 359b-360b.

---

[11] *See also* S.R.R. at 372b-375b (Landowners' Pa. R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal); *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011), wherein the Pennsylvania Supreme Court stated, in pertinent part:

> Our jurisprudence is clear and well-settled, and firmly establishes that: [Pa. R.A.P.] 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [*Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998),] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Pa. R.A.P. 1925. Any issues not raised in a Pa. R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309. [(Footnote omitted.)]

9

Moreover, as the trial court noted:

> In the instant action as well as the underlying action, [Landowners] failed to provide any specific evidence of what they considered to be the correct amount of the lien. It was not until the Borough filed its response to [Landowners'] Motion for Reconsideration in the underlying action that the court had sufficient evidence of a mistake in the judgment amount. As we noted in the underlying action, the Motion for Reconsideration was not properly before the Court when the Notice of Appeal was filed.

S.R.R. at 379b. In short, Landowners failed to assert valid claims against the parties in the complaints that were filed in the trial court in this case, and any error with respect to the amount of the municipal claims was corrected by our remand order in *Puleo I*.[12]

Accordingly, the trial court's order in this matter is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[12] Because Landowners do not address their negligent misrepresentation or fraud causes of action in the Argument portion of their appellate brief, any purported trial court error in sustaining the POs and striking these claims has been waived as well. Pa. R.A.P. 2119(a); *Puleo I*, slip op. at 15 n.16 (citing *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998)), *cert. denied*, 526 U.S. 1070 (1999).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard J. Puleo and Lorraine B. Puleo,  :
             :
      Appellants   :
             :
     v.       : No.463 C.D. 2019
             :
The Borough of Phoenixville,   :
Portnoff Law Associates, Ltd.,   :
Diane M. Boehret, Esq.,     :
Robert P. Daday, Esq., and    :
James R. Wood, Esq.      :

## O R D E R

AND NOW, this 10th day of July, 2020, the order of the Chester County Court of Common Pleas dated March 7, 2019, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge